UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| KENYON DARRELL BROWN, | ) | No. 5:20-cv-02342-RGK-JDE |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| DAISY SHIM, San Bernardino County District Attorney, | ) | |
| Respondent. | ) | |

**I.**

**INTRODUCTION**

On November 9, 2020, Petitioner Kenyon Darrell Brown ("Petitioner") filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging his 2019 conviction in San Bernardino County Superior Court. Dkt 1 ("Petition" or "Pet."). The Court has reviewed the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules") and finds that the Petition suffers from at least three defects. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.
## PETITIONER'S CLAIMS

1. Petitioner received a "disproportionate excessive sentence" because the "prosecution did not follow Penal Code 1170B" even though Petitioner "presented circumstances of mitigation." Pet. at 5 (CM/ECF pagination).

2. "The prosecution denied [Petitioner's] mental health court screening due to prior past record," violating Petitioner's "due process to a fair sentence trial or plea" in accordance with "In re Rodriguez" and resulting in "cruel & unusual punishment." Pet. at 7.

3. This case should be "remand[ed] for redetermination of sentence" because the prosecution "gave [Petitioner] a plea that was una[u]thorized" under "the sentencing scheme of Penal Code 1170B." Pet. at 8.

## III.
## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least three reasons: (1) Petitioner has not stated cognizable claims; (2) Petitioner has named the wrong respondent; and (3) Petitioner failed to pay the filing fee.

**A.   Petitioner Asserts Non-Cognizable Claims**

First, Grounds One and Three appear subject to dismissal as non-cognizable as both claims are based on a violation of state law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions

obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); McGuire, 502 U.S. at 67-68. The essence of Petitioner's claims in Grounds One and Three is that his sentence violates state law. Petitioner cites only state law in support of his claims and identifies no federal constitutional violation.[1] Accordingly, these state sentencing claims are not cognizable on federal habeas review.

As to Ground Two, Petitioner has not sufficiently set forth the facts supporting this ground in a coherent manner. Habeas Rules 2(c)(1)-(c)(3) require a statement of all grounds for relief and the facts supporting each ground. In addition, a habeas petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4 advisory committee notes to 1976 adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Ground Two falls short of the minimal clarity required to proceed.

B. **Petitioner has Named the Wrong Respondent**

Second, the Petition fails to name an appropriate Respondent. The proper respondent for a habeas petition typically is the warden of the facility in which the petitioner is incarcerated. See Stanley v. Cal. Supreme Court, 21

---

[1] In addition to citing "Penal Code 1170B," Petitioner cites "In re Rodriguez" and "In re Beller," see Pet. 5, 8, but provides no information to enable the Court to find and review these cases for purposes of evaluating Petitioner's claims. Petitioner does not provide the case citations, the year the decisions were issued, the specific court(s) that issued the decisions, or any other identifying information.

F.3d 359, 360 (9th Cir. 1994) (as amended); see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley, 21 F.3d at 360. Here, Petitioner purports to name the District Attorney for San Bernardino County, not the warden of the facility where he is incarcerated.

### C. Failure to Pay Filing Fee

Third, Petitioner did not pay the $5 filing fee for a federal habeas petition (see 28 U.S.C. § 1914(a)) and did not alternatively file an application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915. The Clerk is directed to send Petitioner a form IFP Application by a person in custody, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee.

## IV.
## CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by no later than thirty (30) days from the date of this Order, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

Alternatively, Petitioner may file an amended petition within thirty (30) days of the date of this Order to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled

out completely, including naming the appropriate respondent.

    Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order.

Dated: December 09, 2020

                                                _____
                                                JOHN D. EARLY
                                                United States Magistrate Judge